

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

A. John P. Mancini
Partner
T: (212) 506-2295
jmancini@mayerbrown.com

March 17, 2020

**VIA ECF**

Hon. Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   **Pro Music Rights, LLC v. Google, LLC**
      **1:19-cv-11613-GHW (S.D.N.Y.)**

Dear Judge Woods:

We represent Google LLC ("Google") in the above-captioned action. We write pursuant to Rule 2(C)(i) of Your Honor's Individual Rules of Practice to request a pre-motion conference concerning Google's anticipated motion to dismiss the Complaint of Plaintiff Pro Music Rights, LLC ("PMR") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). PMR consents to Google's request for a pre-motion conference.

**I.   Procedural Background**

PMR filed this action on December 18, 2019.[1] (ECF No. 1). Google executed a waiver of service on January 30, 2020, which extended Google's time to respond to the Complaint until March 23, 2020. (*See* ECF No. 7). An initial pretrial conference is scheduled for April 9, 2020. (ECF No. 6).

**II.  Google's Anticipated Motion to Dismiss**

To properly state a claim for copyright infringement, PMR must allege, at a minimum: "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145

---

[1]   That same day, PMR filed a virtually identical action against Google's wholly owned subsidiary YouTube LLC, *Pro Music Rights, LLC v. YouTube, LLC*, 1:19-cv-11618-GBD (S.D.N.Y) (the "YouTube Action"), which was assigned to the Honorable George B. Daniels. On February 25, 2020, Google filed a Related Case Statement in the YouTube Action pursuant to Rule 13(b)(3) of the Rules of the Division of Business Among District Judges for the Southern District of New York, and requested that Judge Daniels transfer the YouTube Action to Your Honor.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Hon. Gregory H. Woods
March 17, 2020
Page 2

F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994); *see also Yamashita v. Scholastic, Inc.*, No. 16-cv-9201 (KBF), 2017 WL 74738, at *1 (S.D.N.Y. Jan. 5, 2017), *aff'd*, 936 F.3d 98 (2d Cir. 2019).

PMR's Complaint fails every single element of this test. Most fundamentally, PMR fails to sufficiently identify *which* works Google allegedly has infringed. Without such information, Google cannot respond to PMR's claims, much less defend against them. Nor can Google discern whether PMR owns the copyrights in the allegedly infringed works, or whether PMR has registered such copyrights in accordance with the statute. Finally, PMR fails to provide even the most basic information relating to Google's alleged infringements, including the specific time frame within which such infringements purportedly occurred, or any specific act by which Google allegedly committed such infringements.

Under these circumstances, a pre-motion conference is particularly warranted, as it may eliminate any further motion practice regarding these issues, if PMR voluntarily amends the Complaint to address the aforementioned deficiencies, as a result of the conference.

### A.  PMR Does Not Identify the Allegedly Infringed Works

As a threshold matter, PMR fails to identify the musical works that are the subject of its copyright infringement claim. Exhibit 1 to the Complaint, which purports to identify the works that Google allegedly has infringed, is merely a list of fifteen copyright registration numbers, rather than a list of musical works. Furthermore, the catalogue records of the U.S. Copyright Office – of which the Court may take judicial notice, *see, e.g.*, *Island Software and Comp. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005); *Liberty Media Holdings, LLC v. Tabora*, No. 12 Civ. 2234 LAK, 2012 WL 2711381, at *1 n.11 (S.D.N.Y. July 9, 2012) – reveal that the majority of the listed registration numbers pertain to *albums*, some of which appear to contain multiple musical works, of which *none* are identified either in the Complaint or in Exhibit 1 to the Complaint. Indeed, the public catalogue record for one of the albums listed in Exhibit 1 – "Publishing Company A, LLC Song Collection" – indicates that a *partial* list of the works covered by that registration comprises *hundreds* of songs.

Given that PMR's list of allegedly infringed works fails to identify the *specific* works that Google allegedly has infringed, the Complaint should be dismissed on this basis alone. *See, e.g., Yamashita*, 2017 WL 74738, at *1 (dismissing complaint where allegedly infringing publications "ha[d] not yet been identified"); *DiMaggio v. Int'l Sports Ltd.*, No. 97 CIV. 7767 (HB), 1998 WL 549690, at *2 (S.D.N.Y. Aug. 31, 1998) (dismissing copyright infringement claim where plaintiff failed to specify which original works were the subject of the claim).

### B.  PMR Does Not Plead Ownership of the Allegedly Infringed Works

PMR also fails to sufficiently plead ownership of the public performance rights in the musical works that Google allegedly has infringed, notwithstanding PMR's conclusory allegations that it

Hon. Gregory H. Woods
March 17, 2020
Page 3

"owns the copyrights and/or has sufficient exclusive rights" (ECF No. 1 at ¶¶ 1, 10) and has been granted public performance rights (*id.* at ¶¶ 7-9) for such allegedly infringed works.

For the majority of the albums listed in Exhibit 1 to the Complaint, the public catalogue records fail to establish PMR's purported ownership of such works, much less show what percentage of each song PMR owns or how it obtained such rights. To the extent that the public catalogue records for certain of the albums listed in Exhibit 1 *do* indicate authorship by Jake Noch, the alleged founder of PMR (ECF No. 1 at ¶ 11), additional public records indicate that BMI, a well-established performing rights organization, owns the public performance rights to these works. Accordingly, PMR's Complaint fails at the outset because PMR has not properly alleged that it owns the allegedly infringed works. *See, e.g., Wallert v. Atlan*, 141 F. Supp. 3d 258, 276-78 (S.D.N.Y. 2015).

### C. PMR Does Not Identify When or How Alleged Infringement Occurred

PMR's Complaint should be dismissed for the additional reason that PMR fails to plead *any* specific information relating to the alleged infringements, including, for example, the time frame within which such infringement purportedly occurred, or the specific acts by which such infringement alleged was committed. Nor does PMR provide any details of how Google allegedly committed such infringement, other than the vague and conclusory statements that Google infringed PMR's public performance right because it streamed these works without a license for public performance. (ECF No. 1 at ¶¶ 4-5, 25-26). Such vague and conclusory allegations are insufficient to survive a motion to dismiss. *See, e.g., Felix The Cat Prods. v. Cal. Clock Co.*, No. 04 CIV. 5714 DAB, 2007 WL 1032267, at *4 (S.D.N.Y. Mar. 30, 2007) (citing *Dow Jones & Co., Inc. v. Int'l Sec. Exch., Inc.*, 451 F.3d 295, 307 (2d Cir. 2006)) ("The mere assertion of [] infringement, without any factual allegations of the nature of the infringement, simply does not give Defendants fair notice of the claims against them.")

### III. Relief Requested

For the foregoing reasons, Google respectfully requests that the Court schedule a pre-motion conference on its anticipated motion to dismiss PMR's Complaint.


Respectfully submitted,

*/s/ A. John P. Mancini*

A. John P. Mancini


cc: All Counsel of Record by ECF